# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MCQUILKIN, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MISCELLANEOUS ACTION <br><br> No. 08-186 |

## **MEMORANDUM**

Petitioner Robert McQuilkin, via a Motion Pursuant to the All Writs Act, has asked this court to issue a writ of *audita querela* granting him relief from his judgment of sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005). When a "claim is cognizable under [28 U.S.C.] § 2255," however, "relief via a petition for audita querela" is not available, because the writ may only be used to "fill[] in gaps in the current system of post-conviction relief." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam). *Booker* claims are cognizable under § 2255 and therefore may not be asserted in an *audita querela* proceeding. *See Massey*, 581 F.3d at 174. Moreover, although McQuilkin has previously filed an unsuccessful § 2255 motion challenging his conviction and sentence, *see United States v. McQuilken* [*sic*], No. 94-cr-356, 2000 WL 1222151 (E.D. Pa. Aug. 24, 2000), he "may not seek relief through a petition for a writ of audita

querela on the basis of his inability to satisfy the requirements . . . for filing a second or successive § 2255 motion to vacate sentence," *Massey*, 581 F.3d at 174.  Accordingly, petitioner's motion will be denied.

Petitioner has also filed several motions collateral to his *audita querela* request.  Two of these motions seek summary judgment largely on the ground that the government's brief in response to the *audita querela* motion was tardy.  While the government's brief was filed nearly two weeks late – without either an explanation or a motion for an extension of time – the government's lack of punctuality does not change the legal principles governing McQuilkin's request.  These motions will therefore also be denied.  Meanwhile, petitioner's motion to ensure that the Clerk of this court files the *audita querela* motion will be denied as moot because the Clerk has already complied.  Finally, because McQuilkin's *audita querela* motion will be denied, his December 28, 2009 motion seeking a copy of the docket in the case in order to check its status will also be denied as moot.  The Clerk will, however, be directed to forward a copy of the docket in this matter to petitioner.

An appropriate Order accompanies this Memorandum.